# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLEATOUS JOSEPH SIMMONS and**
**RHONDA J. SIMMONS,**

                **Plaintiffs,**

**v.**                                                  **Case No:   6:16-cv-1909-Orl-41KRS**

**THE CITY OF ORLANDO, JEFFREY**
**BACKHAUS, DANIEL BRADY, CARTER**
**GOWEN, CHERI SAEZ, WESLEY**
**WHITED, REMY RANDALL and**
**CHARLES KERRY HOLMES,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' OBJECTION TO TAXATION OF COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 80)** |
| **FILED:** | **June 19, 2018** |

## I.    BACKGROUND.

       On September 19, 2016, Plaintiffs filed an amended complaint in state court against Defendants.   Doc. No. 2.   Defendants collectively removed the case to this Court on November 1, 2016.   Doc. No. 1.   On May 24, 2018, a jury rendered a verdict in favor of Defendants and against Plaintiffs.   Doc. No. 75.   The Court then entered final judgment in Defendants' favor.   Doc. No. 78.

Defendants filed a proposed bill of costs on June 6, 2018, seeking to recover a total of $4,307.41.  Doc. No. 79.  Plaintiffs filed a timely objection, arguing that Defendants failed to provide proper documentation for the alleged costs and failed to itemize the costs sought.  They specifically objected to a $325.60 claim for copying costs and $607.71 in witness and subpoena fees for witnesses not called at trial.  Doc. No. 80.  Defendants file a response in opposition to the objection.  Doc. No. 81.  The matter was then referred to me for issuance of a Report and Recommendation.

I subsequently ordered Defendants to file a supplement to their proposed bill of costs evidencing the amount sought for service of summons and subpoena; printed or electronically recorded transcripts necessarily obtained for use in this case; and exemplification and the costs of making copies of materials necessarily obtained for use in this case.   I also ordered Plaintiffs to file a reply memorandum with their specific objections.  Doc. No. 82.  Defendants filed the supplement to the proposed bill of costs, and Plaintiffs filed their reply.  Doc. Nos. 83, 84.  In addition to their initial objections, Plaintiffs now challenge costs for service of summons and subpoenas; costs for deposition transcripts; and additional aspects of the costs for exemplification and copying.  Doc. No. 84.

The matter is now ripe for review.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir.

2001)).  "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."  *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)).  Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;
>
> (6) Compensation of court appointed experts, interpreters, and special interpretation services.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute.  *See United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

## III.   OBJECTIONS.

### A.  Copying Costs

In the proposed bill of costs, Defendants seek $325.60 in "[f]ees for exemplification and the costs of making copies of any materials where the copies are obtained for use in the case."  Doc. No. 79.  In their initial objection, Plaintiffs challenged the copying costs for Defendants' failure to identify "the photocopies actually used" and to provide evidence supporting the award.  Doc. No. 80, at 3–4.  In the response, Defendants explained that the cost was for a litigation support vendor to prepare the exhibit binders for trial, which Defendants provided to Plaintiffs' counsel and the Court.  Doc. No. 81, at 2 ¶ 2.  Defendants' supplemental invoice filing

demonstrates that these costs are as follows: 536 digital prints ($53.60), 180 color prints ($135.00), 28 CD pockets ($56.00), 2 binders ($30.00), 164 index tabs ($41.00), and a digital download ($10.00).   Doc. No. 83-3, at 1.

In the reply, Plaintiffs contend that these costs must be stricken because Defendants fail to specifically identify how the materials were necessary or used at trial.   Doc. No. 84, at 6.   In addition, Plaintiffs assert that the costs should not be awarded because the invoice does not indicate what amount is attributable to copying services versus copying costs.   *Id.*   Moreover, Plaintiffs challenge the digital download charge which was for the following:   "Receipt and review of email from client with download link to documents for printing."   *Id.* at 6–7.   Finally, Plaintiffs argue that the charges for index tabs, CD pockets and binders are not permissible charges.   *Id.* at 7.

In general, "§ 1920 does not authorize recovery of . . . costs for binders, tabs, and technical labor."   *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (citations omitted).[1]   Here, however, the Court's Case Management Scheduling Order required counsel to "provide to the Court a bench notebook containing marked copies of all exhibits."   Doc. No. 31, at 9.   "The costs for binders, folders, labels and related items are reimbursable when used in conjunction with complying with an order specifically requiring them . . . ."   *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *7 (S.D. Fla. Feb. 2, 2016) (citation omitted); *see Brown v. Columbia Sussex Corp.*, No. 8:12-cv-1278-T-27EAJ, 2014 WL 12614502, at *3 (M.D. Fla. May 27, 2014) (citation omitted) ("[D]ocuments prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not.").

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

I have reviewed the exhibit notebook that was provided to the Court.   It is comprised of one binder ($15.00), 41 tabs ($10.25), 7 CD pockets ($14.00), 45 color prints ($33.75), and 128 digital prints ($12.80).   Because the Court required one exhibit notebook, the costs incurred for preparing that notebook ($85.80) are taxable.

I recommend that the Court find that the costs associated with preparing the binder of exhibits apparently provided to opposing counsel and the additional costs reflected on the vendor's invoice (Doc. No. 83-3) are not recoverable.   *See, e.g, Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *6 (M.D. Fla. Nov. 27, 2013) (citing *Durden v. Citicorp Tr. Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *4 (M.D. Fla. April 26, 2010)).   Therefore, the costs for fees for exemplification and the costs of making copies should be reduced by $239.80.[2]

B. *Witness Fees and Subpoena Service Fees.*

In the proposed bill of costs, Defendants seek a total of $650.00 for "fees for service of summons and subpoena" and $303.71 in "fees for witnesses."   Doc. No. 79, at 1.   Plaintiffs initially challenge costs related to Todd Jorgenson, Gerard Nole, Jr., Kimberly Richbourg, and Jenna Key[3], arguing that these defense witnesses were not called to testify at trial and these costs are, therefore, not taxable.   Doc. No. 80, at 4.   In the response, Defendants assert that these individuals could have been necessary witnesses had trial gone differently.   Doc. No. 81, at 2-3 ¶ 3.

"[T]he fact that a witness did not, in the end, testify at trial does not preclude the district court from awarding costs for expenses incurred in securing that witness's presence at trial."

---

[2] Calculated as follows:   $325.60 (total costs for fees for exemplification and making copies) - $85.80 (taxable cost for exhibit notebook for the Court) = $239.80.

[3] This individual is sometimes also referred to as Jenna Kay in the papers.   I use Jenna Key because that is the name on the process server's invoice.

*Lozman v. City of Riviera Beach*, 679 F. App'x 979, 980–81 (11th Cir. 2017) (citing *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985)); *see D.B. v. Orange Cty., Fla.*, No. 6:13-cv-434-Orl-31DAB, 2015 WL 847293, at *2 (M.D. Fla. Feb. 26, 2015) (considering objection to charge for witnesses not called at trial and finding that, "bearing in mind the vagaries of a trial, the Court cannot say that it was unreasonable to subpoena these witnesses").   Defendant has explained why Todd Jorgenson, Gerard Nole, and Kimberly Richbourg were listed as trial witnesses and why they were ultimately not called to testify.   Doc. No. 81, at 3.   This explanation is sufficient to support the attendance and mileage fees paid to Kimberly Richbourg ($41.23), Todd Jorgenson ($89.73) and Gerard Nole ($41.79).   Doc. No. 79, at 2.   Accordingly, I recommend that Plaintiffs' general objection to all costs for these three prospective witnesses be overruled.

Defendants did not list Jenna Key as a prospective witness in the witness list filed in support of the Joint Final Pretrial Statement.   Doc. No. 54-4.   They also did not list Jenna Key in their amended witness list.   Doc. No. 64.   Although Defendants included "catch-all" references to other possible witnesses identified in discovery and others whose names and addresses were subsequently determined, these generic references do not comply with Local Rule 3.06, which requires a party to "exchange the names and addresses of all witnesses" and include in the Joint Final Pretrial Statement "a list of all witnesses who may be called at trial[.]"   Because Defendants did not specifically list Jenna Key as a trial witness, I recommend that the costs incurred in attempting to serve her with a trial subpoena ($150.00), Doc. No. 83-1, at 2, be denied.[4]

---

[4]  In addition, because the process server was never able to serve Ms. Key with a trial subpoena, costs for attempted service are not taxable.   *See, e.g.*, *Keenan v. Concept Mgmt. Grp.*, No. 6:14-cv-1725-ORL-31GJK, 2015 WL 4645396, at *9 (M.D. Fla. Aug. 4, 2015) (declining to award plaintiffs costs for service that was never made).

Finally, Defendants contend that the fees for serving subpoenas on Gerard Nole are impermissible because these private process server fees exceed the amount that would be charged by the Marshal.   Doc. No. 84, at 3–4.   Costs for private service of process are recoverable to the extent that they do not exceed the statutory fees the United States Marshals Service may collect pursuant to 28 U.S.C. § 1921.   *See* 28 U.S.C. §§ 1920(1), 1921; *W&O, Inc.*, 213 F.3d at 624.   The current statutorily authorized fees for § 1921 are set forth in 28 C.F.R. § 0.114(a)(3), which provides that the U.S. Marshals Service may collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses.

The invoice for service on Gerard Nole reflects a $35.00 charge for "service fee (local)" and two $35.00 charges for "additional addresses."   Doc. No. 83-1, at 5.   Comments on the invoice state that the process server unsuccessfully attempted service on Mr. Nole at two different addresses before successfully serving him at a third address.   *Id.*   Defendants have not explained in their motion to tax costs, the response to Plaintiffs' objection, or the supplement to the response why they did not provide a correct address for service on Mr. Nole resulting in the need for the process server to go to three different addresses to effect service.   *See, e.g.*, *Mid-Continent Cas. Co. v. Arpin & Sons, LLC*, No. 16-21341-CIV, 2017 WL 3601363, at *4 (S.D. Fla. July 28, 2017) ("Due to Plaintiffs failure to provide sufficient evidence as to why an additional address fee in the amount of $65.00 and a locate fee in the amount of $75.00 were necessary. . . the Court finds it appropriate to deduct the unsupported $140.00 in additional address and locate fees from the total cost requested . . . ."); *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-ORL-31GJK, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015) (citations omitted) ("[I]t is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts.").   Therefore, I

recommend that the Court find that only one service of process fee for service of a subpoena on Mr. Nole was a permissible cost under § 1920 and reduce the total cost in this regard to $35.00.

In sum, I recommend that the Court reduce Defendants' costs for fees for service of summons and subpoena by $220.00 dollars.[5]

C.  *Deposition Transcripts.*

In the proposed bill of costs, Defendants seek to recover $2,628.10 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."   Doc. No. 79, at 1. Defendants provided supporting invoices for the depositions of Jeffrey Backhaus (Doc. No. 83-2, at 1); Nathan Simmons (Doc. No. 83-2, at 2, 7); Cleatous and Rhonda Simmons (Doc. No. 83-2, at 3, 6); Charles Holmes (Doc. No. 83-2, at 4); Daniel Brady, Carter Gowen and Wesley Whited (Doc. No. 83-2, at 5); and Scott Richbourg (Doc. No. 83-2, at 8).

Plaintiffs object to these costs to the extent that they include fees for color copies of exhibits and litigation package fees. They also argue that charges for non-color copies of exhibits are not taxable because they were unnecessary and duplicative.   Doc. No. 84, at 4.   Specifically, Plaintiffs point to the invoices for Jeffrey Backhaus (Doc. No. 83-2, at 1) (exhibit $9.90, exhibits - color copies $33.75, litigation package $35.00), Charles Kerry Holmes (*id.* at 4) (exhibit $18.50, litigation package $35.00), Daniel Brady (*id.* at 5) (litigation package $35.00), Carter Gowen (*id.*) (litigation package $35.00), Wesley Whited (*id.*) (litigation package $35.00), Cleatous Simmons (*id.* at 6) (exhibit $6.00, litigation package $35.00), Rhonda J. Simmons (*id.*) (litigation package $35.00), Nathan Simmons (*id.* at 7) (exhibit $18.00, exhibits – color copies $40.00, litigation package $35.00), and Scott Richbourg (*id.* at 8) (exhibit $9.50, litigation package $35.00).   *Id.* at 5.

---

[5] Calculated as follows: $70.00 for two additional service attempts on Mr. Nole + $150.00 for attempted service of process on Ms. Key (including a $45.00 "locate fee") = $220.00.

Absent a valid explanation from Defendants, Plaintiffs are correct that the "litigation package" fees are not authorized by § 1920. "[T]he party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review . . . . Failure to provide sufficient detail or supporting documentation . . . can be grounds for denial of costs." *See Johnston v. Borders*, No. 6:15-cv-936-ORL-40DCI, 2017 WL 1968352, at *5 (M.D. Fla. Apr. 24, 2017), *report and recommendation adopted*, 2017 WL 1957278 (M.D. Fla. May 11, 2017) (internal quotation and citations omitted). "Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:14-cv-2004-ORL-40KRS, 2018 WL 1863778, at *11 (M.D. Fla. Mar. 26, 2018), *report and recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018) (citations omitted). Thus, the total costs requested in this category should be reduced by $315.00, for nine separate charges of $35.00 litigation package fees.

As to the copies of exhibits, Defendants again have provided no explanation on the propriety of an award for these charges. Doc. Nos. 81, 83. "[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" *Spatz v. Microtel Inns & Suites Franchising, Inc.,* No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *George v. Fla. Dep't of Corrs.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008)). Thus, I recommend that the charges for exhibits not be awarded as taxable costs. Therefore, the total costs in this category should be further reduced by $135.65.[6]

---

[6] Calculated as follows:  $43.65 (Backhaus) + $18.50 (Holmes) + $6.00 (C. Simmons) + $58.00 (N. Simmons) + $9.50 (S. Richbourg) = $135.65.

If the Court accepts these recommendations, costs for fees for printed or electronically recorded transcripts would be reduced by $450.65.[7]

## IV.    RECOMMENDATIONS.

For the foregoing reasons, I recommend that Plaintiff's objection to the taxation of costs be **SUSTAINED in part** and **DENIED in part**.    Specifically, I recommend that the Court **SUSTAIN** Plaintiff's objections to Defendant's proposed Bill of Costs (Doc. No. 79) to the following:

1.        $239.80 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case";

2.        $220.00 in "Fees for service of summons and subpoena"; and

3.        $450.65 for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

I recommend that the remainder of the costs sought, $3,396.96, be awarded to Defendants.[8]

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

---

[7] Calculated as follows:   $315.00 (litigation package fees) + $135.65 (fees for exhibits) = $450.65.

[8] Calculated as follows:   $4,307.41 (total costs sought) - $239.80 (fees for exemplification and the costs of making copies) - $220.00 (fees for service of summons and subpoena) - $450.65 (fees for printed or electronically recorded transcripts) = $3,396.96.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy